UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Charisma L. Dixon ]<br>    Plaintiff ]<br> ]<br>v. ]<br> ]<br>Experian Information Solutions, Inc ]<br>TransUnion, LLC ]<br>Collecto, Inc, DBA EOS-CCA ]<br>    Defendant ] | 3:19-cv-00123-HEH<br><br>**JURY DEMANDED** |

## COMPLAINT

Ms. Dixon, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

## PRELIMINARY STATEMENT

1.  This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.* and for Collecto, Inc violation of The Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2. This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p and the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d).

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4. The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Non-Party Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

12. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

13. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14. Collecto, Inc, DBA EOS-CCA (hereinafter "EOS-CCA") is a foreign corporation that is registered to do business in Virginia with the State Corporation Commission.

15. Upon information and belief, EOS-CCA is a furnisher of information to Equifax, TranUnion and Experian.

## FACTS

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

16. Plaintiff had service with Verizon wireline services for cable/phone/internet in her home for personal use, brining the debt within the purview of the Fair Debt Collection Practices Act.

17. At some time prior to 2017, she terminated services with Verizon, and turned in all of the equipment.

18. Even though she turned in all of the equipment to Verizon, Verizon kept billing her for use of equipment that she had turned in, and terminated service.

19. Eventually, Verizon turned the debt over to several collectors in turn. EOS-CCA is only the latest collector.

20. In October of 2018, plaintiff began shopping for a home, and attempted to pre-qualify for a mortgage with C&F Mortgage. Plaintiff was advised that EOS-CCA was on her credit file, and that the EOS-CCA collection would be a major factor in the decision to lend and at what rate.

21. Plaintiff communicated to EOS-CCA in November 2018, and January 2019 that the debt was disputed, and that she denied owing any money to the original creditor, Verizon, demanding documentation of the debt.

22. Plaintiff disputed the false information with Equifax, Experian and TransUnion on November 2, 2018 explaining that the Verizon debt being collected with EOS-CCA was an invalid debt, and should never have been referred to a collector, and that EOS-CCA knew this, and that the original creditor, Verizon, knew this.

23. In response to this dispute of false and misleading information, Equifax deleted the EOS-CCA tradeline from plaintiff's credit file.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

24. In response to this dispute of false and misleading information, Experian communicated with EOS-CCA, which verified that the information was true, complete and accurate.

25. Experian did no independent investigation of their own to determine the truth or falsity of the information.

26. In response to this dispute of false and misleading information, TransUnion communicated with EOS-CCA, which verified that the information was true, complete and accurate.

27. TransUnion did no independent investigation of their own to determine the truth or falsity of the information.

28. Plaintiff disputed the false information with Experian and TransUnion on December 4, 2018, explaining that the Verizon debt being collected with EOS-CCA was an invalid debt, and should never have been referred to a collector, and that EOS-CCA knew this, and that the original creditor, Verizon, knew this.

29. In response to this dispute of false and misleading information, Experian communicated with EOS-CCA, which verified that the information was true, complete and accurate.

30. Experian did no independent investigation of their own to determine the truth or falsity of the information.

31. In response to this dispute of false and misleading information, TransUnion communicated with EOS-CCA, which verified that the information was true, complete and accurate.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

32. Plaintiff disputed the false information with Experian and TransUnion on January 7, 2019, explaining that the Verizon debt being collected with EOS-CCA was an invalid debt, and should never have been referred to a collector, and that EOS-CCA knew this, and that the original creditor, Verizon, knew this.

33. In response to this dispute of false and misleading information, Experian communicated with EOS-CCA, which verified that the information was true, complete and accurate.

34. Experian did no independent investigation of their own to determine the truth or falsity of the information.

35. In response to this dispute of false and misleading information, TransUnion communicated with EOS-CCA, which verified that the information was true, complete and accurate.

36. On information and belief, Equifax sent a dispute communicating to AES, providing all relevant information.

37. On information and belief, Experian either sent a dispute communicating to EOS-CCA, providing all relevant information or failed to do so.

38. On information and belief, EOS-CCA verified to Experian that the plaintiff had personal liability for the debt, and verified the date of delinquency and that the debt was charged off, rather than paying as agreed.

39. On information and belief, TransUnion sent a dispute communicating to EOS-CCA, providing all relevant information.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

40. On information and belief, EOS-CCA verified to TransUnion that the plaintiff had personal liability for the debt, and verified the date of delinquency and that the debt was charged off, rather than paying as agreed.

41. On information and belief, EOS-CCA failed to conduct a reasonable reinvestigation of the tradeline and account, as, if they had, they would have requested that the tradeline be deleted or removed from plaintiff's credit file.

42. On information and belief, EOS-CCA failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have shown that she never had liability on the account.

43. On information and belief, EOS-CCA has failed to modify or delete the false information as, if they had done so, they would have shown that she never had liability for this debt.

44. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit, and fear of being denied credit.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT ONE:
## CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2[b] as to COLLECTO, Inc DBA EOS-CCA

45. Plaintiff restates and re-alleges all previous paragraphs herein.

46. Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

47. Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

48. Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

49. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

50. Defendants have done so either negligently or willfully.

51. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

52. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT TWO
## CLAIM FOR RELIEF
### 15 U.S.C. §1681i
### as to EXPERIAN INFORMATION SOLUTIONS, INC and TRANSUNION, LLC

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

53. Plaintiff restates and re-alleges all previous paragraphs herein.

54. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

55. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information in the consumer's dispute.

56. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

57. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

58. Defendants have done so either negligently or willfully.

59. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

60. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

COUNT THREE
CLAIM FOR RELIEF
15 U.S.C. §1681e[b]
as to EXPERIAN INFORMATION SOLUTIONS, INC and TRANSUNION, LLC

61. Plaintiff restates and re-alleges all previous paragraphs herein.

62. Defendants have violated 15 U.S.C. §1681e[b] in that they failed to follow reasonable procedures to assure maximum possible accuracy.

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

63. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

64. Defendants have done so either negligently or willfully.

65. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

66. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o

## COUNT FOUR
## CLAIM FOR RELIEF
## 15 U.S.C. §1692]
## as to COLLECTO, Inc DBA EOS-CCA

67. Plaintiff restates and re-alleges all previous paragraphs herein.

68. Defendant Collecto, Inc has violated the Fair Debt Collection Practices Act, by

    a. Using false or misleading communications to a consumer reporting agency in an attempt to collect a consumer debt, in violation of 15 U.S.C. §1692e.

    b. Misrepresenting the amount character or legal status of a consumer debt in an attempt to collect that debt, in violation of 15 U.S.C. §1692e[2].

    c. Falsely represented that the debt was not disputed in an effort to collect a consumer debt, in violation of 15 U.S.C. §1692e[8].

    d. Used false representations or deceptive means to collect a consumer debt, in violation of 15 U.S.C. §1692e[10].

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

  e. Used unfair and deceptive means to collect a consumer debt, in violation of in violation of 15 U.S.C. §1692f.

  f. Attempted to collect an amount not due or authorized or permitted by law, in violation of in violation of 15 U.S.C. §1692f[1].

69. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

70. Plaintiff is entitled to actual damages,, statutory damages, attorney fees and costs pursuant to 15 U.S.C. §1692k[a].

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

**Charisma L. Dixon**

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for Charisma L. Dixon
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)